## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| SD3, LLC and SawStop, LLC, | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | )   No. 14-1746 |
| v. | ) |
| | ) |
| Black & Decker (U.S.), Inc., et al, | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

## THE PENTAIR DEFENDANTS' MOTION FOR LEAVE TO FILE SEPARATE RESPONSE BRIEF

Defendants-Appellees Pentair, Inc. ("Pentair") and Pentair Water Group ("PWG") (collectively, the "Pentair Defendants"), by counsel, pursuant to Local Rule 28 of the Fourth Circuit Federal Rules of Appellate Procedure, respectfully request leave to file a separate brief responding to the Opening Brief filed by Plaintiffs-Appellants SD3, LLC and SawStop, LLC (collectively, "SawStop"). The separate response brief that the Pentair Defendants seek leave to file is attached to this motion. In support of this motion, the Pentair Defendants respectfully state as follows.

### I.     INTRODUCTION

The Pentair Defendants are two of twenty defendants sued by SawStop in this matter. Unlike the remaining eighteen defendants, the Pentair Defendants

4829-8734-7489.6

have never manufactured table saws. More than ten years ago, Pentair divested two former subsidiaries of another former subsidiary that manufactured table saws. Consequently, the Amended Complaint is devoid of any allegations against the Pentair Defendants themselves and falls far short of the necessary pleading standard. Moreover, the Pentair Defendants have the unique issue that involves SawStop's attempt to pierce the corporate veil (actually, two corporate veils) to hold the Pentair Defendants liable for conduct attributed to two former affiliates that once manufactured table saws.

The Pentair Defendants have reviewed the Joint Defense Brief being submitted by the Appellees-Defendants and are relying upon rather than repeating the arguments set forth therein that also support the District Court's dismissal of the Amended Complaint against the Pentair Defendants. The Pentair Defendants, however, have unique defenses and additional grounds for dismissal that could not be preserved or adequately addressed in the Joint Defense Brief. Accordingly, the Pentair Defendants have prepared a short and concise brief that does not repeat the arguments set forth in the Joint Defense Brief but rather addresses only those grounds for dismissal that are unique to the Pentair Defendants. As a result, the Pentair Defendants respectfully request that this Court review and consider their separate brief.

## II.     PROCEDURAL BACKGROUND

On October 1, 2014, this Court issued its Briefing Order (Dkt. # 56) directing: "All parties to a side must join in a single brief, even in consolidated cases, unless the court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d)." (Briefing Order at p. 1).  Local Rule 28(a) states:

> One brief shall be permitted per side, including parties permitted to intervene, in all cases consolidated by Court order, ***unless leave to the contrary is granted upon good cause shown***.

(emphasis added).  Local Rule 28(d) states:

> Motions to file separate briefs are not favored by the Court and are ***granted only upon a particularized showing of good cause, such as, but not limited to, cases in which the interests of the parties are adverse.***  Generally unacceptable grounds for requests to file separate briefs include representations that the issues presented require a brief in excess of the length limitations, established by FRAP 32(a)(7) (appropriately addressed by a motion to exceed length limit), that counsel cannot coordinate their efforts due to different geographical locations, or that the participation of separate counsel in the proceedings below entitles each party to separate briefs on appeal.

(emphasis added).

## III.     ARGUMENT

The Pentair Defendants have good cause to file a separate brief because they have a unique veil-piercing defense.  The Pentair Defendants reviewed the Joint Defense Brief and provided input on its content.  This motion results from the need

3

to address the Pentair Defendants' unique interests—not from an inability to coordinate with counsel and not from any disagreement with the content or structure of the Joint Defense Brief.

### A. The Pentair Defendants Have Shown Good Cause for Filing a Separate Response Brief Addressing Their Unique Issues.

The Pentair Defendants seek leave to address SawStop's improper attempt to pierce the corporate veil to hold the Pentair Defendants—particularly Pentair—liable for the conduct of former subsidiaries. This additional ground for dismissal, coupled with the complete lack of non-conclusory factual allegations against the Pentair Defendants, warrants affirmance of the District Court's July 15, 2014 Final Judgment even though this issue was not specifically addressed in its decision or in SawStop's Opening Brief on appeal. This Court reviews an appeal of an order granting a motion to dismiss *de novo* and can affirm dismissal on any applicable grounds. *See, e.g.*, *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278, 283-84 (4th Cir. 2012); *Thomaz v. It's My Party, Inc.*, 548 F. App'x 893, 894 (4th Cir. 2013). The additional grounds for dismissal of the Pentair Defendants are properly considered by this Court on appeal.

The Court has discretion on whether to grant a motion for leave to file a separate response brief. *See* Local Rule 28(d); *see also* Local Rule 25(a)(3) (discussing the Court's authority to grant or deny leave in the context of electronic filing). In instances where similarly situated parties' interests are not completely

4

aligned and one party has unique grounds for dismissal that cannot be addressed in a joint submission, there is sufficient good cause to file a separate brief. *See* Local Rule 28(d) (noting that good cause may be shown where there is "a particularized showing of good cause, such as, but not limited to, cases in which the interests of the parties are adverse.").

Here, the Pentair Defendants have specific grounds for dismissal that are unique from the other defendants and relate to their particularized position—or lack thereof—in the power tool industry and the fact that SawStop's allegations against "Pentair" do not relate to any conduct committed by the Pentair Defendants named in the Amended Complaint. Under the circumstances, the Pentair Defendants' unique interests should be considered.

### B. The Pentair Defendants' Separate Brief Is Concise and Does Not Repeat Arguments in the Joint Defense Brief.

The Pentair Defendants' brief is 5,580 words—far short of the 14,000 words permitted for a response brief. It does not repeat arguments made in the Joint Defense Brief but focuses exclusively on the Pentair Defendants' interests that are different from those of the other defendants. Consistent with Local Rule 28(i), the Pentair Defendants merely seek the opportunity to preserve arguments that are unique to them and different from those presented on behalf of the other defendants.

5

### C. The Pentair Defendants Have Cooperated With the Joint Defendants and Support the Joint Defense Brief.

This motion for leave to file a separate response brief does not come from disagreement with other defendants or an inability to cooperate with their counsel to prepare one consolidated brief. Consistent with Local Rule 28(d), counsel for the Pentair Defendants and counsel for the Joint Defendants have worked together amicably to craft the Joint Defense Brief and to attempt to ensure that it addresses all common interests. The additional grounds for dismissal of the Pentair Defendants, however, raise issues and require arguments that are not in common with those of the other defendants. Thus, a separate response brief is needed solely to present these issues—not because of any conflict or disagreement with the Joint Defense Brief.

### IV. CONCLUSION

The Pentair Defendants have a unique veil-piercing defense on behalf of PWG and Pentair alike and a unique position in this litigation as parties that are not and never have been part of the power tool industry. These unique interests establish the good cause for the Pentair Defendants to be granted leave to file a separate brief. Neither Pentair Defendant has ever sold table saws or otherwise been a member of the industry or any trade association in the industry. The Pentair Defendants' proposed response brief succinctly addresses these issues and merely

6

supplements the Joint Defense Brief.  Accordingly, the relief sought is appropriate and consistent with the Local Rules.

Dated:  December 15, 2014                    Respectfully submitted,

                                                                      PENTAIR, INC. and
                                                                      PENTAIR WATER GROUP, INC.

                                                                      By: /s/ Michael J. Lockerby
                                                                             Counsel

Michael J. Lockerby (VSB No. 24003)
Lauren A. Champaign (VSB No. 81962)
Alexander J. Kramer (VSB No. 76938)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5143
Tel: (202) 672-5300
Fax: (202) 672-5399
E-mail: mlockerby@foley.com
E-mail: lchampaign@foley.com
E-mail: akramer@foley.com

*Counsel for Defendants Pentair, Inc.*
*and Pentair Water Group, Inc.*

4829-8734-7489.6

## **NOTIFICATION AND CONSENT STATEMENT**

Pursuant to Local Rule 27(a) of the Fourth Circuit Federal Rules of Appellate Procedure, the Pentair Defendants, through counsel, state that counsel for all other parties to this appeal have been informed of the intended filing of the Pentair Defendants' Motion for Leave to File a Separate Response Brief. The other parties do not have a position on the motion and they do not intend to file any responses in opposition to it.

/s/ *Michael J. Lockerby*
Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5143
Tel: (202) 672-5300
Fax: (202) 672-5399
E-mail: mlockerby@foley.com

4829-8734-7489.6

## CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of December, 2014, I caused the foregoing THE PENTAIR DEFENDANTS' MOTION FOR LEAVE TO FILE SEPARATE RESPONSE BRIEF to be filed in the United States Court of Appeals for the Fourth Circuit via ECF, which will serve a Notice of Electronic Filing ("NEF") on all counsel of record.

/s/ *Michael J. Lockerby*
Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5143
Tel: (202) 672-5300
Fax: (202) 672-5399
E-mail: mlockerby@foley.com

4829-8734-7489.6